IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN BRENT MULL,                          Civil No. 08-720-AA
                                           OPINION AND ORDER
          Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
     Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

     Claimant, Robin Mull, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1    - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the
Commissioner denying his application for disability insurance
benefits under Title II of the Act. For the reasons set forth
below, the Commissioner's decision is affirmed and this case is
dismissed.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance
benefits on August 27, 2004. Tr. 11. This application was
denied initially and upon reconsideration. Plaintiff then
requested a hearing before an Administrative Law Judge (ALJ).
After a hearing, on January 16, 2008, the ALJ issued a decision
finding plaintiff not disabled. Tr. 8-15. The Appeals Council
declined to grant plaintiff's timely request for review. Tr. 3-
5. This action resulted in the ALJ's January 16, 2008, decision
becoming the final order of the Agency.

## STATEMENT OF THE FACTS

Born February 19, 1960, plaintiff alleges disability
beginning December 1998. Tr. 49, 78. Plaintiff alleges
disability based on a combination of impairments, including the
following: anxiety, panic attacks, neck pain, back pain, left
knee pain, degenerative disc disease, arthritis, dyslexia,
obesity as indicated by a Body Mass index of 35.4 (height of 5'9"
and weight 240 pounds), herniated neck disc, and dislocated left
knee. Tr. 38, 75, 81.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is
based on proper legal standards and the findings are supported by
substantial evidence in the record. Hammock v. Bowen, 879 F.2d

498, 501 (9th Cir. 1989).  Substantial evidence is "more than a
mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting
Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
The court must weigh "both the evidence that supports and
detracts from the Secretary's conclusions." Martinez v. Heckler,
807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to
establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486
(9th Cir. 1986).  To meet this burden, plaintiff must demonstrate
an "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which can be expected . . . to last for a continuous
period of not less than 12 months. . . ." 42 U.S.C.
§ 423(d)(1)(A).

The Secretary has established a five-step sequential
process for determining whether a person is disabled.  Bowen v.
Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502,
416.920.  First the Secretary determines whether a claimant is
engaged in "substantial gainful activity."  If so, the claimant
is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R.
§§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant
has a "medically severe impairment or combination of
impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.
§§ 404.1520(c), 416.920(c).  If not, the claimant is not
disabled.

3    - OPINION AND ORDER

In step three the Secretary determines whether the
impairment meets or equals "one of a number of listed impairments
that the Secretary acknowledges are so severe as to preclude
substantial gainful activity." Id.; see 20 C.F.R.
§§ 404.1520(d), 416.920(d). If so, the claimant is conclusively
presumed disabled; if not, the Secretary proceeds to step four.
Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant
can still perform "past relevant work." 20 C.F.R.
§§ 404.1520(e), 416.920(e). If the claimant can work, she is not
disabled. If she cannot perform past relevant work, the burden
shifts to the Secretary. In step five, the Secretary must
establish that the claimant can perform other work. Yuckert, 482
U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &
(f). If the Secretary meets this burden and proves that the
claimant is able to perform other work which exists in the
national economy, she is not disabled. 20 C.F.R. §§ 404.1566,
416.966.

### DISCUSSION

1. The ALJ's Findings

The ALJ applied the sequential evaluation process outlined
above to determine that plaintiff had engaged in substantial
gainful activity since the alleged onset date, having performed
work activity for pay from 2004 through 2006 with earnings that
exceeded substantial gainful activity levels. Tr. 13. Regarding
plaintiff's alleged onset date of December 30, 1998, through
2004, the ALJ found that plaintiff had the following impairments:
degenerative disc disease and an anxiety disorder, but found that

these impairments were not "severe" pursuant to the regulations. Tr. 13.  Therefore, the ALJ found plaintiff not disabled.  Tr. 15.

    2. Plaintiff's Allegation of Error

    Plaintiff argues that he had one or more "severe" impairments from 1998 to 2004, and that the ALJ violated an alleged duty to recontact medical sources that would support plaintiff's claim.

    "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)(internal citations omitted).  Further, "an impairment(s) is considered 'not severe' if it is a slight abnormality(ies) that causes no more than minimal limitation in the individual's ability to function independently, appropriately, and effectively in an age-appropriate manner." SSR 96-3p (1996 WL 374181).

    I find that plaintiff failed to carry his burden of proof at step two of the sequential evaluation process.  I find no evidence in the record that plaintiff's impairments would have had more than a minimal effect on his mental or physical ability to perform basic work activities.  As noted by the ALJ, plaintiff's medical records show only mild symptoms, and the objective evidence of record shows clinical findings that were either negative, or mild.  Significantly, the record shows that plaintiff's symptoms were well controlled with treatment.  Tr. 14.  Plaintiff was, at one time, limited to sedentary work as he

recovered from surgery; however, post-surgery, plaintiff's EMG studies were normal, and treating physician William Smith, M.D., anticipated "no severe or ongoing disability once healed." Tr. 109. Significantly, the ALJ requested that plaintiff provide further evidence of his impairments when plaintiff requested reconsideration of the initial denial of his application. Plaintiff declined to do so. Tr. 39. The following statement is significant in that it accurately portrays the state of the record: "[o]verall there is insufficient evidence both physically and mentally for this closed period to determine the severity of his allegations as the last dated records are in 2002. There are no records to cover from 2002-2004 at which time [claimant] returned to work as a handiman (sic) at a farm." Tr. 104. Finally, the psychologist who reviewed plaintiff's record concluded repeatedly that there was "insufficient evidence to substantiate the presence of the disorder." Tr. 89-102. Therefore, the ALJ properly decided plaintiff's case based upon the medical evidence of record and the fact of plaintiff's subsequent return to vigorous substantial gainful activity at construction and agricultural jobs. Tr. 13.

///

///

///

///

///

///

///

///

6    - OPINION AND ORDER

**CONCLUSION**

The  Commissioner's  decision  is  based  on  substantial

evidence, and is therefore, affirmed.   This case is dismissed.

IT IS SO ORDERED.

Dated this  <u> 10 </u> day of June 2009.




<u>       /s/ Ann Aiken       </u>
Ann Aiken
United States District Judge

7    - OPINION AND ORDER